```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NORTH DAKOTA
                 SOUTHEASTERN DIVISION
```

Edwin James Waa,                )
                                )
              Petitioner,       )
                                )    Case No. 3:02-cr-61
     vs.                        )
                                )
United States of America,       )
                                )
              Respondent.       )

## OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court is a motion by petitioner, Edwin James Waa, pro se, requesting the Court to vacate a portion of his sentence (doc. #42). For reasons set forth below, the Motion is **DENIED**.

**II.  BACKGROUND**

On December 9, 2002, the defendant plead guilty to one count of Possession of a Firearm by a Convicted Felon and one count of Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence. On March 12, 2003, this Court sentenced the defendant to seventy-seven months imprisonment, which he is currently serving at a federal correctional institution.

The petitioner now argues that this Court should vacate a portion of his sentence because a majority of his sentence was prohibited by the Fifth and Sixth Amendments to the Constitution of the United States.

**III. DISCUSSION**

Petitioner initially challenged his sentence in a 28 U.S.C. § 2255 motion, which was dismissed by this Court. The petitioner then filed a Motion for Reconsideration, which this Court also denied. The Eighth Circuit denied the petitioner a Certificate of Appealabilty on June 14, 2004. Subsequently, the petitioner filed a Motion to Modify, which this Court also summarily denied. The petitioner now tries, in his self-styled Motion to Vacate Illegal Portion of his Sentence, to once again attack the constitutionality of his sentence.

In the interests of justice, the Court finds that it is appropriate to construe the petitioner's petition as a "successive" motion under § 2255 and summarily deny the petitioner's request. Generally, the Court must warn the petitioner of the restrictions on second or successive motions and of the one-year limitations period under § 2255 before the Court can reclassify a pro se litigant's pleading as a § 2255 motion. Castro v. United States, 540 U.S. 375, 383 (2003); Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). The Court must then give the petitioner an opportunity to either consent to the reclassification or to withdraw his motion. Morales, 304 F.3d at 767.

However, this warning only applies to situations where a petitioner has not previously sought relief under § 2255. See Castro, 540 U.S. at 384 (stating that the warning only applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion). Since the petitioner in this case has already sought

2

§ 2255 relief in this Court, it is proper for the Court to construe the petitioner's Motion as a successive motion to vacate his sentence pursuant to § 2255.[1]

Since this is the petitioner's "second or successive" motion under § 2255, the Motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the Eighth Circuit Court of Appeals. The petitioner has obtained no such authorization from the Circuit.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that the petitioner's Motion (doc. #42) is construed as a second or successive motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The petitioner's Motion is **DENIED** and this action is **ORDERED DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 4th day of January, 2006.

RODNEY S. WEBB, District Judge
United States District Court

---

[1] The Court rejects the petitioner's argument that he can challenge his sentence at any time. It is well settled that a prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion with the trial court pursuant to § 2255. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).